In the Matter of the Estate of WILLIAM Y. MORTIMER, Deceased.

Surrogate's Court, New York County, April 28, 1933.

*John R. Paull,* for the petitioner and for the respondent Stanley Mortimer.

*Daniel J. Mooney* and *Chadbourne, Stanchfield & Levy,* for the respondent Manufacturers Trust Company, as successor trustee.

*Owen W. Bohan,* special guardian.

DELEHANTY, S. By the seventh paragraph of his will testator created a trust in one-half of his residuary estate for the benefit of his son and upon his son's death directed a distribution of the principal " to and among his lawful issue share and share alike.". The life tenant has been survived by children now living who themselves have living children. The word " issue " in the quoted phrase was not intended by testator to authorize grandchildren and their children to share equally. His will is instinct with the contrary thought. It shows that equality of distribution was the dominant thing in his mind. While in the instant case each grandchild has only one child, the interpretation sought by the special guardian would be applicable if only one grandchild had issue or if there were disparity of number of great-grandchildren in the respective stocks. A *per capita* distribution in such circumstances would defeat the plan of equal treatment. That plan requires the exclusion of children whose parents are living. The infants here have no interest in the estate. (*Matter of Durant,* 231 N. Y. 41.)

Submit decree on notice construing the will accordingly.